**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARU ONYEANI AGBO,

        Petitioner,                      Case Number: 06-CV-10716

v.                                            HON. GEORGE CARAM STEEH

KEN MCKEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Aru Onyeani Agbo is a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for possession with intent to deliver between 225 and 650 grams of heroin.

**I.    Facts**

The Michigan Court of Appeals set forth the facts pertinent to Petitioner's conviction as follows:

> On July 9, 2002, the Oakland Macomb Interdiction Team (OMIT), a multijurisdictional FBI drug unit, conducted surveillance at the Southfield Hampton Inn after receiving information that defendant, a guest at the hotel, may be involved in drug trafficking. Sergeant Terrance Mekoski and Detective David McNealy set up surveillance in the hotel lobby, but witnessed no activity with regard to defendant's room. Just after midnight on July 10, 2002, Detective McNealy placed a call to defendant's room requesting that he come to the lobby. Sergeant Mekoski and Detective McNealy approached defendant, identified themselves as police officers, and asked defendant general questions regarding his business in the area.
>
> The officers asked defendant if they could continue their questioning in his hotel room. Defendant agreed, but became nervous and stopped in front of various

doors before coming to his room. The officers asked to enter defendant's room and, when asked, informed defendant of his right to refuse. Defendant then allowed the officers to enter. Upon further questioning, the officers found that defendant could not give a clear account of his business in the area. Defendant denied having contraband and granted the officers verbal permission to search his hotel room. Defendant agreed to sign a written consent form after the search. During the search, Detective McNealy found twenty-four pods of heroin wrapped in a t-shirt inside defendant's suitcase. Subsequent tests revealed that each pod contained around twelve grams of heroin, with a total weight of around 300 grams, including packaging. The prosecution theorized that defendant ingested the pods in Nigeria to move the heroin through customs undetected.

Agbo, slip op. at 1-2.

## II. Procedural History

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of possession with intent to deliver between 225 and 650 crams of heroin. On February 10, 2003, he was sentenced to twenty to thirty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

   I.   The drug interdiction officers did not have articulable facts upon which to formulate a reasonable suspicion that criminal activity was afoot when they decided to "knock and talk" to defendant. The decision to conduct a search without defendant's consent was a violation of Defendant's Fourth Amendment right against unreasonable search and seizure. The trial court's denial of defendant's motion to suppress the evidence, obtained as a result of the search, under the totality of the circumstances, was clearly erroneous and must be reversed.

   II.  Defendant was denied his right to a fair trial under the Michigan and federal constitutions by the intentional prosecutorial misconduct, in her improper and highly prejudicial argument to the jury when she vouched for credibility of her witnesses, bolstered the validity of her case; denigrated the defendant and his defense, and argued facts not in evidence.

The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Agbo, No. 247143 (Mich. Ct. App. May 25, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Agbo, No. 126447 (Mich. Dec. 29, 2004).

Petitioner then filed the pending habeas petition. He challenges his conviction on the same grounds set forth in his state court appeals.

### III. Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the

3

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11.

## IV. Discussion

### A. Fourth Amendment Claim

Petitioner claims that his rights under the Fourth Amendment were violated because police officers lacked a reasonable suspicion that criminal activity was afoot when they conducted a "knock and talk," that his consent to the officers' search of his room was not freely given, and that his warrantless arrest was illegal. Petitioner argues that the trial court, therefore, erred in denying his motion to suppress.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494-95 (1976). The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

Petitioner's Fourth Amendment claims were the subject of a suppression hearing in state court. Following the hearing, the trial court denied the motion to suppress. Petitioner then appealed his conviction to the Michigan Court of Appeals, presenting his Fourth Amendment

4

claims. The Michigan Court of Appeals addressed the claim and found no Fourth Amendment violation. People v. Agbo, No. 247143 (Mich. Ct. App. May 25, 2004). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, again presenting his Fourth Amendment claims. The Michigan Supreme Court denied leave to appeal. People v. Agbo, 471 Mich. 949 (Mich. 2005).

Based upon the foregoing, this Court concludes that Petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claim in the Michigan courts. Petitioner's disagreement with the state courts' conclusions regarding his motion to suppress does not render the procedural mechanism for presenting his claims inadequate. Consequently, Petitioner's Fourth Amendment claims are not cognizable on habeas review.

B.     **Alleged Prosecutorial Misconduct**

Next, Petitioner argues that the prosecutor engaged in misconduct. Specifically, Petitioner argues that the prosecutor improperly: (i) vouched for the credibility of prosecution witnesses; (ii) bolstered the validity of its case; (iii) denigrated the defense as a whole; (iv) appealed to the jurors' civic duty; and (v) argued facts not in evidence in closing and rebuttal arguments.

Respondent argues that these claims are procedurally defaulted. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner

5

files an untimely appeal, id., at 752, if he fails to present an issue to a state appellate court at his only opportunity to do so, Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. United States v. Frady, 456 U.S. 152, 167-69 (1982); Simpson v. Sparkman, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." Rust, 17 F.3d at 162; *see* Murray v. Carrier, 477 U.S. 478, 496 (1986); Dretke v. Haley, 541 U.S. 386, 393 (2004).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. Williams v. Coyle, 260 F.3d 684, 693 (6th Cir. 2001), *cert. denied*, 536 U.S. 947 (2002); *see also* Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir. 1992). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. Coleman, 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground[] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." Simpson, 94 F.3d at 202. Whether the independent state ground is adequate to support the judgment is itself a federal question. Lee v. Kemna, 534 U.S. 362, 375 (2002).

If the last state court from which the petitioner sought review affirmed the conviction both on the merits and, alternatively, on a procedural ground, the procedural default bar is

invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. Rust, 17 F.3d at 161. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The last state court to issue a reasoned opinion addressing this claim, the Michigan Court of Appeals, reviewed the claim only for plain error because defense counsel did not object to the conduct. The court then proceeded to assess each of the claims and concluded that none of them amounted to plain error warranting further review or relief.

The contemporaneous-objection rule was firmly established and regularly followed with respect to claims of prosecutorial misconduct at the time of the petitioner's trial. *See, e.g.,* People v. Buckey, 424 Mich. 1, 17-18, 378 N.W.2d 432, 440 (1985); People v. Sharbnow, 174 Mich. App. 94, 100, 435 N.W.2d 772, 775 (1989). The state court's reliance on the petitioner's failure to object to the prosecutor's conduct is an adequate and independent state ground for foreclosing review. *See* Engle v. Isaac, 456 U.S. 107, 110 (1982) (concluding that a petitioner who fails to comply with a state rule mandating contemporaneous objections to jury instructions may not challenge the constitutionality of those instructions in a federal habeas corpus proceeding). The fact that the state court of appeals engaged in plain error review of the prosecutorial misconduct claims does not constitute a waiver of the state procedural default. *See* Seymour v. Walker*,* 224 F.3d 542, 557 (6th Cir. 2000). Rather, the review on those terms constitutes enforcement of the state procedural rule. *See* Hinkle v. Randle*,* 271 F. 3d 239, 244 (6th Cir. 2001).

7

Therefore, this Court may not review the petitioner's claims unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

Petitioner does not argue any cause to excuse his procedural default. Therefore, his prosecutorial misconduct claims are barred from review unless he unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. Schlup, 513 U.S. at 321. Thus, Petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. This evidence "must show that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Id. at 327. Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, these claims are barred from consideration by procedural default.

**V.    Conclusion**

Petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

8

Dated: November 9, 2007

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 9, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---